**TRUMP MARINA ASSOCIATES, LLC,**
doing business as **Trump Marina
Hotel and Casino,** Petitioner

v.

**NATIONAL LABOR RELATIONS
BOARD,** Respondent.

Nos. 10–1261, 10–1286.

United States Court of Appeals,
District of Columbia Circuit.

May 27, 2011.

Brian A. Caufield, Esquire, Theodore M. Eisenberg, Esquire, Fox Rothschild LLP, Roseland, NJ, for Petitioner.

Linda Dreeben, Deputy Associate General Counsel, Usha Dheenan, Greg Paul Lauro, National Labor Relations Board, Washington, DC, for Respondent.

Before: SENTELLE, Chief Judge, GINSBURG and GARLAND, Circuit Judges.

### *JUDGMENT*

The petition for review and cross-application for enforcement were considered upon the briefs, the appendix, and the oral arguments of the parties. Although the issues present no need for a published opinion, they have been accorded full consideration by the Court. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the petition for review be denied and the cross-application for enforcement of the Order be granted.

The National Labor Relations Board reasonably interpreted the rules in

Trump Marina Associates' employee hand-book—Rule 36 and the policy regarding "Public Speaking/Media Requests"—to "prohibit an employee from releasing statements to the media without prior permission or limit employees authorized to speak with the media." *Trump Marina Assocs.*, 354 N.L.R.B. No. 123, 2009 WL 5178368, at *7 (Dec. 31, 2009). The Board's determination that Trump Marina Associates violated Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), by maintaining and enforcing these rules as interpreted, which rules interfered with its employees' right under Section 7 of the Act to communicate with the media regarding a labor dispute, is "reasonably defensible," *Cintas Corp. v. NLRB*, 482 F.3d 463, 467 (D.C.Cir.2007) (internal quotation marks and citation omitted), and supported by substantial evidence, *see Northeast Beverage Corp. v. NLRB*, 554 F.3d 133, 137 (D.C.Cir.2009). The Board's holding is also supported by settled precedent quite apart from *Crowne Plaza Hotel*, 352 N.L.R.B. 382 (Apr. 30, 2008), upon which the ALJ had relied. *See, e.g., Cintas*, 482 F.3d at 467–70; *Mercury Marine–Division of Brunswick Corp.*, 282 N.L.R.B. 794, 1987 WL 90193 (Jan. 22, 1987). Finally, the Board's conclusion Trump Marina Associates unlawfully interrogated an employee about his compliance with these rules, in violation of Section 8(a)(1), is not inconsistent with Board precedent and is supported by substantial evidence. *See Perdue Farms, Inc. v. NLRB*, 144 F.3d 830, 834–36 (D.C.Cir. 1998).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.